### STEPHEN BALL *vs.* PHILLIP B. BURKE.

Under Rev. Sts. *c.* 85, § 13, an appeal lies from a judgment of nonsuit rendered by a justice of the peace, as well as from a judgment on the merits; and on such appeal the whole case is to be tried on the merits in the appellate court.

BIGELOW, J.    This case presents a question of some practical importance, arising under Rev. Sts. *c.* 85, § 13, which provides for the allowance of an appeal from the judgments of justices of the peace in civil actions.    By *St.* 1783, *c.* 42, § 6, the right of appeal in such cases was expressly limited to actions in which both parties had appeared and pleaded.    The section of the Rev. Sts. above cited, removed this restriction on the right of appeal, and gave it in terms to " any party aggrieved by the judgment of a justice of the peace in any civil action."    Under this provision, it has already been determined by this court, that an appeal will lie from a judgment rendered on a default.    *Holman* v. *Sigourney*, 11 Met. 436 ; and it seems to us, that the words of the statute are quite broad enough to confer the same right in case of judgment on a nonsuit, and that such was the intention of the legislature.

By reference to the report of the commissioners for revising the statutes, it will be found, that this change in the statutes regulating appeals, was made upon their recommendation, and

that they seemed to have had in view, in making the altera· tion, the right of appeal by the plaintiff in case of a nonsuit, as well as by the defendant in case of a default. Rep. of Com. *c.* 82, § 6, n; *c.* 85, § 12, n. That such is the true construc- tion of the statute, is made entirely clear by reference to sec- tion 10 of the same chapter, which provides for the very case of a judgment for costs against a plaintiff, when he fails to enter and prosecute his suit, as well as when he does not maintain the same upon a trial. The subsequent provision in section 13, which allows the right of appeal to any party aggrieved by the judgment of a justice of the peace in any civil action, must necessarily have been intended to include the judgment for costs against a plaintiff in case of a failure to prosecute his suit, which is specially provided for in a sec- tion of the statute immediately preceding it.

It appears to us, that there is very good reason for the allowance of an appeal in such cases. A judgment on a nonsuit may be rendered by a justice without the consent of a plaintiff, and even against his will, upon questions involving the merits of a case. Whenever a magistrate, in the exercise of his judicial power and discretion, orders a nonsuit, a plain- tiff may be aggrieved, and without the right of appeal, he could have no redress. In such a case, a plaintiff ought not to be compelled to commence his suit anew, but if the judg- ment of the magistrate is against him, he should have it reviewed in the same manner and be entitled to the same privileges as a defendant would have in a like case. So, too, if the magistrate errs in the judgment for costs on a nonsuit, the right of appeal furnishes a ready and appropriate mode of redress to the plaintiff.

This right of appeal may be abused, it is true, and used for purposes of vexation and delay; but the abuse of a privilege will not justify a judicial tribunal in denying the existence of a right, although it may be a very good argument to address to the legislature in favor of its being taken away. It would be a violation of every sound and just rule of interpretation for a court of justice, upon mere suggestions of convenience and expediency, to restrict the language of a statute within

its natural, reasonable, and ordinary meaning.   Besides; the
argument *ab inconvenienti* loses much, if not all, its force,
when it is remembered that a plaintiff, who does not wish to
try his case before a magistrate, has the power to remove it to
a higher court by appeal without a hearing upon its merits ;
and thus to delay and vex his adversary.   The right of appeal
on a nonsuit confers no new power in this respect ; a plaintiff
may always, after issue joined, purposely withhold his proof,
allow judgment to go against him on the merits, and then
claim his appeal.   It can, therefore, in such cases, make no
practical difference, whether a right of appeal is given upon a
judgment on a nonsuit or upon a trial of the merits.

It was urged by the defendant, that if any right of appeal
did exist on a judgment upon a nonsuit, the plaintiff should
be confined in the court above strictly to the judgment from
which he appealed, that is, to the judgment for costs ; and
that the whole case ought not to be open again upon its gen-
eral merits.   But the answer to this is obvious and decisive.
In the first place, at common law, an appeal vacates the judg-
ment of the court from which the appeal is taken, and gives
authority to the appellate court to rehear the whole case.
*Murdock* v. *Phillips Academy,* 7  Pick. 303, 320.   But in the
next place, the section of Rev. Sts. which confers the right of
appeal in cases like the present, expressly enacts, that the case
shall be entered, tried, and determined in the court of common
pleas in like manner, as if it had been originally commenced
there.   Under this provision, it is clear that the court of com-
mon pleas has no right to restrict a party on an appeal to any
particular issue, but that the whole case is open there for a
trial on the merits.

*Exceptions overruled*

*T. S. Harlow,* for the defendant.
*G. W. Searle,* for the plaintiff.